USCA1 Opinion

 

  [NOT FOR PUBLICATION] United States Court of Appeals  For the First Circuit  ____________________ No. 97-1546 BI SONG HUANG and LI MING AO, Petitioners, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ____________________ PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ____________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Allan A. Samson on brief for petitioner. _______________ Ernesto H. Molina, Jr., Office of Immigration Litigation, ______________________ Civil Division, Department of Justice, Frank W. Hunger, Assistant Attorney General, Civil Division, and David V. _________ Bernal, Senior Litigation Counsel, on brief for respondent. ______ ____________________ December 16, 1997 ____________________ Per Curiam. Petitioners Bi Song Huang and Liu Ming ___________ Ao, a married couple in their twenties who are citizens of the People's Republic of China, seek review of a final deportation order of the Board of Immigration Appeals (BIA). Huang and Ao have conceded excludability, but requested asylum and withholding of deportation. An Immigration Judge on December 13, 1995 found them excludable because they possessed neither valid visas nor travel documents and denied the application for asylum and withholding of deportation. The Board of Immigration Appeals on April 8, 1997, in a careful decision, disagreed with the Immigration Judge's determination that petitioners were not credible but found that Huang had not established his claim (under which Ao also sought protection) for asylum and withholding of deportation. Under Section 208(b) of the INA, 8 U.S.C.  1158(a), the Attorney General, in her discretion, is authorized to grant asylum to refugees. Refugees are aliens who are unable or unwilling to return to their native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.  1101(a)(42)(A). These two grounds -- past persecution or well founded fear of persecution -- do not apply to all persecutions or fears, but only to those in the five -2- 2 enumerated categories. See Tokarska v. INS, 978 F.2d 1 (1st ___ ________ ___ Cir. 1992). If the determinations by the BIA, whose decisions we review, are supported by substantial evidence, we must deny the petition. See INS v. Elias-Zacarias, 502 U.S. 478, ___ ___ ______________ 481 (1992). Here, Huang argues that he suffered from past persecution when he was beaten and lost his job because he protested the activities of his employer, a local government official. But, as the BIA found, the protest was over his employer's illegal activities (using prison labor to produce goods), his employer was most likely corrupt, and "it appears more likely that this corruption is the basis for the punishment of applicant, not applicant's presumed political beliefs." Accordingly, the BIA determined, Huang had not shown a nexus between his political beliefs, the ground asserted for asylum based on past persecution, and the actions taken by his employer. As to Huang's argument that he had a well-founded fear of persecution, the BIA found that Huang had again not shown a nexus between his fear of persecution, which might well be genuine, and his political beliefs, nor had he shown that the threat of persecution was country-wide. The BIA concluded that Huang had not met his burden of showing "that a reasonable person in his circumstances . . . would fear persecution on account of race, religion, nationality, -3- 3 membership in a particular social group, or political opinion." Because Huang failed to meet the lower standard of proof for asylum, he also did not meet the higher clear probability standard of eligibility required for withholding of deportation. See INS v. Stevic, 467 U.S. 407, 413 (1984) ___ ___ ______ (alien must establish a "clear probability" of persecution to avoid deportation under 8 U.S.C. 1253(h)). The evidence of record unquestionably supports the BIA's findings. Congress has chosen to restrict the definition of asylum. Not all who will face hardship if they return to their native countries are eligible for consideration of asylum.  The decision of the Board is affirmed and the petition is dismissed. -4- 4